IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric David Jeter, #152640, | ) Civil Action No. 9:08-3806-GRA-BM |
| Plaintiff, | ) |
| v. | ) |
| Ms. Guy, HCA Medical Nursing Department; SCDC Officer S. Davis; South Carolina Department of Corrections, State; SCDC Officer Pate; SCDC Officer Boots; SCDC Officer Ocean; SCDC Officer Sceally; SCDC Grievance Dept.; SCDC Lt. Ball; SCDC Lt. Mangual; SCDC Capt. Cooper; Kirkland R&E Medical, | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendants.

The Defendant SCDC Grievance Department and Kirkland R&E Medical filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P. on February 17, 2009. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on February 19, 2009, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. The remaining Defendants thereafter filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P. on February 24, 2009, following which a second Roseboro order was entered on February 25, 2009.

Plaintiff filed responses to the Defendants' motions on March 4, 2009, and April 17,



1

2009, respectively. Defendants' motions are now before the Court for disposition.[1]

**Discussion**

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)).  Summary judgment pursuant to Rule 56 "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Rule 56©), Fed.R.Civ.P.  The moving party has the burden of proving that judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P.

Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), and as the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard.  However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C.  The Defendants have filed motions to dismiss and for summary judgment.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



2

fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes for the reasons set forth hereinbelow that the Defendants are entitled to dismissal of this case.

## I.

### (Defendants SCDC Grievance Department and Kirkland R&E Medical)

Defendants SCDC Grievance Department and Kirkland R&E Medical both assert in their motion to dismiss that they should be dismissed a party defendants because they are not legal entities subject to suit in a § 1983 action. The undersigned agrees.

The SCDC Grievance Department and Kirkland R&E Medical are departments or offices of the South Carolina Department of Corrections and/or grievance or medical offices or similar administrative or service type entities. Collective characterizations of individuals who all work in a particular office or department, referred to not individually but as the departments or offices themselves, are not "persons" subject to suit under § 1983. Cf. Sims v. Medical Staff of Cook County D.O.D., No. 94-1971, 1994 WL 687496 at *1 (N.D.Ill. Dec. 8, 1994) [The term medical staff "denotes neither a person nor an entity subject to suit because of the lack of a legal existence...the Medical Staff will not be a party to this action."]; Revene v. Charles County Commissioners, 882 F.2d 870, 874 (4th Cir. 1989); Hancock v. Washtenaw County Prosecutor's Office, 548 F.Supp. 1255 (E.D.Mich. 1982); see Gomez v. Toledo, 446 U.S. 635, 640 (1980) [in order to state a cause of action under § 1983, a plaintiff must allege that he was deprived of a federal right by a "person" acting under color of state law]. Further, to the extent these offices or departments denote specific buildings or compounds which encompass these offices, they are also not subject to suit under § 1983. Cf. Allison v. California Adult Authority, 419 F.2d 822, 823 (9th



3

Cir. 1969) [California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983]; Mitchell v. Chester County Farms Prison, 426 F.Supp. 271, 274 (E.D.Pa. 1976); see generally Tyler v. Sullivan, No. 95-1232, 1996 WL 195295 at **1 (10th Cir. Apr. 22, 1996) ["The [district] court dismissed the detention facility as a defendant, finding that the facility, a building owned and operated by the county, is not a person or legally created entity capable of being sued."]; Preval v. Reno, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) ["[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."] aff'd in part, modified in part on other grounds, vacated in part on other grounds, 203 F.3d 821 (4th Cir. 2000); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ["Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."].

In any event, both of these offices and/or departments are part of the South Carolina Department of Corrections, which is itself an agency of the State of South Carolina, and the Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. See Alden v. Maine, 527 U.S. 706 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 666 (1999); College Savs. Bank v. Florida Prepaid Educ. Expense Bd., 527 U.S. 627 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Alabama v. Pugh, 438 U.S. 781, 782 & nn. 1-2 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 61-71 (1989); Bellamy v. Borders, 727 F. Supp. 247, 248-50 & nn. 2-3 (D.S.C. 1989); Coffin v. South Carolina Dep't of Social Servs., 562 F. Supp. 579, 583-585 (D.S.C. 1983); Belcher v. South Carolina Bd. of Corrections, 460 F. Supp. 805, 808-09 (D.S.C. 1978); see also Harter v. Vernon, 101 F.3d 334, 338-39 (4th Cir. 1996); Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars



4

suits against a State filed by its own citizens). Cf. Suarez Corp. Indus. v. McGraw, 125 F.3d 222 (4th Cir. 1997).

Therefore, the motion to dismiss filed by the Defendants SCDC Grievance Department and Kirkland R&E Medical should be granted, and these two defendants should be dismissed as party defendants in this case, even if this case was to otherwise continue.[2]

## II.

### (Motion for Summary Judgment of the remaining Defendants)

With respect the remaining Defendants' motion for summary judgment, these Defendants' all argue in their motion, inter alia, that this entire case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[2]It should also be noted that the South Carolina Department of Corrections is itself also named as a party defendant in this case. Although this defendant has not joined in the motion to dismiss discussed hereinabove, for the same reasons as are set forth hereinabove, the Defendant South Carolina Department of Corrections is also entitled to dismissal as a party defendant.

[3]There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (quoting 18 U.S.C. § 3262(g)(2)); Almandiv v. Ridge, 201 Fed.Appx. 865 at *2 (3d Cir. 2006); Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir. Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)).

5



Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, Defendants note that Plaintiff himself states in his verified complaint[4] that although he filed a grievance or grievances concerning the claims he is raising in this case, he had not received a final agency/departmental/institutional answer or determination concerning his claims prior to filing this lawsuit. See Verified Complaint, Section II. See also, Plaintiff Answers to the Court's Special Interrogatories (Court Docket No. 11). While Plaintiff asserts in his verified complaint, as well as in his response to the Defendants' motion for summary judgment, that the Defendants did not timely respond to his grievances, thereby allowing him to proceed with this federal court action; See Boyd

---

[4]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) [ administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance], cert. denied, 544 U.S. 920 (2005); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) [stating that prison's failure to timely respond renders administrative remedies unavailable]; cf. Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) [holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance]; this assertion is not supported by the evidence before this Court.

Specifically, the Defendants have submitted an affidavit from Kimberly Hill, who attests that she is a grievance coordinator with the South Carolina Department of Corrections. Hill attests that she has reviewed the Plaintiff's complete grievance file as well as the allegations contained in his complaint, and that the Kirkland R&E Center provides every inmate (including the Plaintiff) equal access and opportunity to file grievances with the Department of Corrections regardless of whether those grievances involve general circumstances or particular episodes or whether they allege excessive force, inadequate facilities or improper treatment. Hill attests that under the SCDC grievance procedure, all inmate grievances must be filed within fifteen days of the alleged incident, and if a grievance is denied by the Warden (Step I), the inmate may then appeal the Warden's decision by filing a Step II appeal with the Division Director of Operations. See Defendant's Exhibit 3(A) (Inmate Grievance System - SCDC Policy No. GA-01.12, Section 13.4).

With respect to the incidents set forth in Plaintiff's complaint, Hill attests that Plaintiff filed a Step I grievance on or about October 30, 2008 (KCI 1819-08) concerning the Defendants Pate and Ball's failure to respond to complaints about body lice. This grievance was denied by Warden McKee on February 18, 2009, and Hill attests that Plaintiff failed to file a Step II grievance appeal before filing this lawsuit. See Defendants' Exhibit 4 (B). With respect to Plaintiff's claim that



Officer Pate improperly searched his personal property, Plaintiff filed a Step I grievance on or about October 30, 2008 (KCI 1820-08). This grievance was returned to the Plaintiff unprocessed for failure to attempt an informal resolution, and was then re-filed on November 13, 2008 after completing this process. Hill attests that this grievance was thereafter denied by Warden McKee on February 18, 2009, and that Plaintiff again failed to file a Step II grievance appeal before filing this lawsuit. See Defendants' Exhibit 5(C). Hill attests that Plaintiff filed a grievance about not being allowed to leave his cell for meals or phone calls on or about November 17, 2008 (KCI 1891-08).[5] This grievance was denied by the Warden on or about January 15, 2009, and Hill attests Plaintiff failed to file a Step II grievance appeal prior to filing this lawsuit. See Defendant Exhibit D. Finally, Hill attests that she is not aware of any other grievances filed by the Plaintiff which relate to the claims asserted in the present case. See generally Hill Affidavit with attached Exhibits. [Grievance forms].

        In his memorandum in opposition and attached exhibits, Plaintiff does not dispute the information and exhibits set forth by Hill and her affidavit; rather, he argues that the remedies that were available on the administration level were "illegal" and "defective" and that his grievances were also not timely responded to. Plaintiff also claims that some of the exhibits attached to Defendants' motion, such as the copy of the SCDC Policy and Procedures with respect to the grievance system, are "false" or "not a legally stamped document". The Court is not required to accept such conclusory and unsupported statements. Morgan v. Churchs Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) [The Court is not required to "accept as true legal conclusions or unwarranted factual inferences"]; House v. New Castle County, 824 F.Supp. 477, 485 (D.Md. 1993) [Plaintiff's conclusory allegations

---

[5]Plaintiff's complaint is dated November 12, 2008. Hence, this initial Step I grievance was not even prepared until *after* Plaintiff had submitted this lawsuit for filing.



insufficient to maintain claim]; see also Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)]; Rule 56(e), Fed.R.Civ.P. [once the moving party satisfies its burden of showing that judgment on the pleadings is appropriate, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial"]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

In sum, the evidence before the Court shows that Plaintiff filed his grievances with respect to the claims being asserted in this lawsuit only shortly before he filed the lawsuit itself. Although Plaintiff's main argument for exhaustion is that he did not receive timely responses to his grievances, the inmate grievance policy specifically allows the Warden up to forty days from the initial receipt of a grievance to submit his response, following which the institutional inmate grievance coordinator has five additional days in which to have the grievance signed and dated acknowledging receipt by the prisoner. Plaintiff not only filed his lawsuit before this process could be completed, but with respect to one of his grievances, he filed this lawsuit before he had even filed the grievance. Cf. Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Jones, 266 F.3d at 399 [exhaustion required even though plaintiff claimed futility]. Even if Plaintiff could be deemed

9



to have now completed the administrative process with respect to the grievances he filed (of which there is no evidence), this lawsuit would still be subject to dismissal. Cannon v. Washington, 418 F.3d 714, 719 (7th Cir. 2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

In any event, since the evidence before the Court clearly shows that Plaintiff never pursued a Step II grievance appeal with respect to any of the grievances he filed, there is no evidence that he ever completed the grievance process with respect to any of these grievances. See Jordan v. Miami-Dade County, 439 F.Supp.2d 1237, 1241-1242 (S.D.Fla. 2006) [Remedies not exhausted where inmate did not appeal denial]. Therefore, as the evidence before this Court clearly shows that Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit, this case must be dismissed. Booth, 532 U.S. at 741; Hyde, 442 S.E.2d at 583; 42 U.S.C. § 1997(e)(a).

## Conclusion

Based on the foregoing, it is recommended that the Defendants SCDC Grievance Department and Kirkland R&E Medical's Motion to Dismiss be **granted**, and that these two Defendants be dismissed as party Defendants in this case, with prejudice. It is also recommended that the Defendant South Carolina Department of Corrections be dismissed as a party defendant in this case, with prejudice.

With respect to the remaining Defendants, it is recommended that the motion for summary judgment be **granted**, and that this case be dismissed, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 11, 2009
Charleston, South Carolina



11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

